ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA : SEALED INDICTMENT

- v. - :

JOSE ALVAREZ-VASQUEZ, a/k/a "El Indio," : 10 Cr. 10 CRIM 984

:

Defendant. :

- - - - - - - - - - - - - - - - - - - - x

COUNT ONE

(Narcotics Importation Conspiracy)

The Grand Jury charges:

1. From at least in or about 2004, up to and including in or about late 2008, in Venezuela, Honduras, Mexico and elsewhere, JOSE ALVAREZ-VASQUEZ, a/k/a "El Indio," the defendant, who will first enter the United States in the Southern District of New York, and others known and unknown, unlawfully, intentionally and knowingly did combine, conspire, confederate and agree together and with each other to violate the narcotics laws of the United States.

2. It was a part and an object of the conspiracy that JOSE ALVAREZ-VASQUEZ, a/k/a "El Indio," the defendant, and others known and unknown, would and did distribute a controlled substance, to wit, five kilograms and more of a mixture and substance containing a detectable amount of cocaine, intending and knowing that such substance would be imported into the United States from a place outside thereof, in violation of Sections

959(a), 960(a)(3) and 960(b)(1)(B) of Title 21, United States Code.

OVERT ACTS

3. In furtherance of the conspiracy, and to effect the illegal object thereof, the following overt acts, among others, were committed:

a. Approximately every two weeks throughout 2006, JOSE ALVAREZ-VASQUEZ, a/k/a "El Indio," the defendant, arranged for approximately 500 kilograms of cocaine to be flown to the Mexico City airport from Caracas, Venezuela.

b. In or about March 2006, in Valencia, Venezuela, JOSE ALVAREZ-VASQUEZ, a/k/a "El Indio," the defendant, met with a co-conspirator not identified as a defendant herein ("CC-1"), and others, to discuss a 1,000-kilogram cocaine load that would be purchased in Colombia, transported to Venezuela and then flown to Isla Guanaja, Honduras, where ALVAREZ-VASQUEZ would receive it.

c. In or about early April 2006, in Valencia, Venezuela, JOSE ALVAREZ-VASQUEZ, a/k/a "El Indio," the defendant, met with CC-1 and others to finalize the plans for the cocaine shipment referenced in paragraph (b), above.

d. In or about late May 2006, approximately 1,000 kilograms of cocaine were flown from Venezuela to Isla Guanaja, Honduras, as JOSE ALVAREZ-VASQUEZ, a/k/a "El Indio," the defendant, CC-1 and others had planned, as described in paragraphs (b) and (c) above.

e. In or about June 2006, in Valencia, Venezuela, JOSE ALVAREZ-VASQUEZ, a/k/a "El Indio," the defendant, CC-1, and others, discussed plans to fly 1,800 kilograms of cocaine from Valencia, Venezuela to Cancun, Mexico.

f. Approximately every two months throughout early to mid 2007, JOSE ALVAREZ-VASQUEZ, a/k/a "El Indio," the defendant, arranged for plane loads of cocaine, approximately 4 to 5 thousand kilograms per shipment, to be delivered to Acapulco and Cancun, Mexico from Maracaibo, Venezuela.

(Title 21, United States Code, Section 963.)

FORFEITURE ALLEGATION

4. As a result of committing the controlled substance offense alleged in Count One of this Indictment, JOSE ALVAREZ-VASQUEZ, a/k/a "El Indio," the defendant, shall forfeit to the United States, pursuant to 21 U.S.C. § 970, any and all property constituting and derived from any proceeds that the defendant obtained directly and indirectly as a result of the said violation and any and all property used and intended to be used in any manner or part to commit and to facilitate the commission of the violation alleged in Count One of this Indictment, including but not limited to, a sum of money representing the amount of proceeds obtained as a result of the offense described in Count One of this Indictment.

Substitute Assets Provision

5. If any of the property described above as being subject to forfeiture, as a result of any act or omission

of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 970, to seek forfeiture of any other property of the defendant up to the value of the forfeitable property.

(Title 21, United States Code, Sections 963 and 970.)

[redacted]
FOREPERSON

PREET BHARARA
United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v -

JOSE ALVAREZ-VASQUEZ,
a/k/a "El Indio,"
Defendant

**SEALED**
**INDICTMENT**

(Title 21 United States Code, Section 963)

PREET BHARARA
United States Attorney.

**A TRUE BILL**

[redacted]

Foreperson.

10-20-10 Filed Indictment Under Seal A/W issued
Francis
U.S.M.J